IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| LLOYD RAY HILL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:19-cv-03024-RK-P |
| | ) | |
| JAMES SIGMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This pro se matter is filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to reopen. (Doc. 74.) For the reasons explained below, Plaintiff's motion is denied.

**Background**

On August 12, 2019, Defendant Pam Tripp filed a motion to compel discovery, requesting the Court "compel Plaintiff to provide meaningful answers to the above-referenced written discovery, specifically, INT#2, 3, 5 and 7, and to produce medical authorizations allowing Defendant to order medical records regarding treatment of Plaintiff's left hand, fingers, or arm prior and subsequent to Plaintiff's alleged injury date of October 3, 2015." (Doc. 25, p. 5.) On August 13, 2019, the Court ordered Plaintiff to respond to Defendant's motion on or before August 26, 2019. (Doc. 27.) Plaintiff was cautioned that failure to respond would result in the dismissal of this case. (*Id.*) On August 13, 2019, Defendant filed her Notice of Deposition of Plaintiff to commence on October 10, 2019. (Doc. 28.) On August 28, 2019, the Court directed Plaintiff to show cause on or before September 6, 2019, why this case should not be dismissed for Plaintiff's failure to comply with this Court's August 13, 2019, Order. (Doc. 34.) Plaintiff was again cautioned that failure to timely respond may result in the dismissal of this case for Plaintiff's failure to comply and failure to prosecute this action. (*Id.*) On September 17, 2019, eleven days after the deadline imposed in Doc. 34, the Court dismissed this case, without prejudice, pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and for failure to comply with this Court's orders. (Doc. 36.) The following day, on September 18, 2019, Plaintiff filed a response to the Court's August 28, 2019, show cause order. (Doc. 38.) The Court, thereafter on that same day, September

18, 2019, construed Plaintiff's response as a motion to reopen, and the Court reopened this case. (Doc. 39.)

On September 23, 2019, Defendant filed her Motion to Dismiss Pursuant to Rule 41(b) or in the Alternative to Compel and Amend Scheduling Order. (Doc. 40.) On September 23, 2019, the Court ordered Plaintiff to respond to Defendant's Motion to Dismiss by October 7, 2019, and the Court cautioned Plaintiff that a failure to timely respond may result in the dismissal of this case. (Doc. 42.) On October 25, 2019, Defendant provided a "Status Report" stating Plaintiff's responses remain incomplete and that "Defendant cannot adequately defend herself when Plaintiff has continually refused to list medical providers or produce authorizations that would allow Defendant to obtain medical records as to treatment Plaintiff has received for his left hand, fingers, or arm prior to October 8, 2015." (Doc. 47, p. 3.) Defendant stated that Plaintiff continues to "mischaracterize[] that he ha[s] fully addressed discovery deficiencies when he did not do so." (*Id*. at p. 4.) On October 29, 2019, after receiving no response to Defendant's motion to compel or motion to dismiss from Plaintiff, the Court directed Plaintiff to show cause on or before November 12, 2019, why this case should not be dismissed for Plaintiff's failure to comply with the Court's September 23, 2019, Order. (Doc. 49.) Again, Plaintiff was cautioned that failure to respond would result in the dismissal of this case. (*Id*.) Plaintiff filed his response on November 4, 2019. (Doc. 50.)

On January 8, 2020, the Court granted Defendant's Motion to Dismiss Pursuant to Rule 41(b) or in the Alternative to Compel and Amend Scheduling Order. (Doc. 55.) Specifically, the Court held as follows:

> [A]fter a review of the exhibits, the Court finds Plaintiff's response to be inadequate. Plaintiff fails to adequately address 1) the specific issues raised by Defendant concerning the four interrogatories, and 2) Defendant's assertion that Plaintiff continues to "mischaracterize[] that he ha[s] fully addressed discovery deficiencies[.]" *See* Doc. 47, p. 4.
>
> Thus, Plaintiff is directed to fully answer and disclose to Defendant on or before January 24, 2020, the following:
>
> 1. Interrogatory 2 - List all the prisons, jails and correctional facilities at which you have been housed, along with your dates of incarceration in each.

2. Interrogatory 3 - List every crime you have pled guilty to or been found guilty of, including the jurisdiction in which each case was resolved.
3. Interrogatory 5 - List the inmate you fought and the people present to witness the fight referenced in your Complaint.
4. Interrogatory 7 - List the name and address of every medical provider who has seen, treated or examined you for the previous ten (10) years to the present date, for any type of medical issue regarding you left hand, fingers, and left arm, and for each occasion state the approximate date of such treatment, the nature of the complaints, symptoms, or disorders for which you were treated, and the name and location of the facility in which you were seen, treated, or examined.
5. Produce a signed medical authorization allowing Defendant to order any and all medical records regarding treatment of Plaintiff's left hand, fingers, or arm prior and subsequent to Plaintiff's alleged injury date of October 3, 2015.

(*Id.*) Plaintiff was directed to provide the requested discovery and authorization on or before January 24, 2020, and file a Certificate of Service demonstrating full and timely compliance with this Order. (*Id.*) Plaintiff was cautioned that failure to timely comply with the order would result in the dismissal with prejudice of this case for Plaintiff's failure to prosecute this action pursuant to Fed. R. Civ. P. 37 and 41(b). (*Id.*)

Plaintiff filed his Certificate of Service on January 24, 2020. (Doc. 57.) On February 4, 2020, Defendant filed a Second Status Report stating Plaintiff failed to comply with the Court's previous Order directing Plaintiff to "provide the requested discovery and authorization." (Doc. 58.) The Court directed Plaintiff to respond to Defendant's Second Status Report, to which Plaintiff filed a Certificate of Service without any explanation to the Court. (Doc. 60.) After the Court ordered Plaintiff to show cause why this case should not be dismissed (Doc. 63), Plaintiff responded that he complied with the Court's direction and is trying to retain counsel to represent him. (Doc. 65.)

The Court reviewed Plaintiff's amended discovery responses and found that Plaintiff, again, failed to comply with this Court's order. (*See* Doc. 55-1.) Despite being directed to fully answer and disclose the requested information to Defendant, Plaintiff submitted objections and incomplete answers to Interrogatories 2, 3, 5, and 7, and failed to provide a signed medical authorization.

Nonetheless, the Court gave Plaintiff one final attempt to remedy the situation. Plaintiff filed his untimely Certificate of Service on May 21, 2020, well after the May 7, 2020, deadline. (Doc. 70.) On June 3, 2020, Defendant filed a third Status Report documenting Plaintiff's continued failure to provide the discovery responses as ordered by this Court. (Doc. 71.)

On June 15, 2020, the Court dismissed with prejudice this case for Plaintiff's continued failure to prosecute this action and participate in the discovery process pursuant to Fed. R. Civ. P. 37(b) and 41(b). (Doc. 72.)

**Analysis**

As explained above, despite the Court's numerous attempts over the course of several months to allow Plaintiff to remedy the issues present in this case, Plaintiff failed to comply with this Court's orders and this case was ultimately dismissed with prejudice. Now, Plaintiff requests the Court reopen this case due to his inability to find a lawyer to represent him as a result of the pandemic. (Doc. 74.)

Motions pursuant to Rule 59(e) and Rule 60(b) "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.'" *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 714 (8th Cir. 2011) (quoting *Lowry v. Watson Chapel Sch. Dist.,* 540 F.3d 752, 761 (8th Cir. 2008)). Further, "Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007) (citing *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Relief under this rule is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Id*.

Upon review of the record and Plaintiff's motion, the Court finds that Plaintiff fails to set forth any manifest errors of law or fact in this Court's previous Order, present any newly discovered evidence, or show that extraordinary circumstances justify reopening or altering the Court's final decision in this case. As argued by Defendant, a party's mere desire to retain counsel does not justify extraordinary relief. The record clearly demonstrates that Plaintiff had a full and fair opportunity to litigate his claim and ample opportunity to obtain counsel since the filing of this case on January 18, 2019.

Therefore, due to Plaintiff's failure to demonstrate extraordinary circumstances or manifest errors of law or fact to warrant setting aside the final judgment, Plaintiff's request to reopen this case is denied.

**Conclusion**

Accordingly, it is **ORDERED** that Plaintiff's motion to reopen (Doc. 74) is DENIED, and this case remains closed.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 2, 2020